11-5452-cr
United States v. Bryant

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand thirteen.

Present:
> ROSEMARY S. POOLER,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
>
> *Circuit Judges.*

---

United States of America,

> *Appellee*,

> v.                                                                              No. 11-5452-cr

Ron Bryant,
> *Defendant – Appellant*.

---

FOR APPELLANT:            ANNE M. BURGER, Assistant Federal Public Defender, Rochester, New York.

FOR APPELLEE:             MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

---

1

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED for the reasons stated herein and in the per curiam opinion filed simultaneously with this order that the judgment of the district court is AFFIRMED.

Defendant-Appellant Ron Bryant ("Bryant") appeals from his conviction, following a jury trial, on one count of possession with intent to distribute a cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and on one count of unlawful possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only as necessary to explain our decision to affirm. In addition to the issue addressed in our per curiam opinion, Bryant raises three additional arguments that we address below. We find each to be unpersuasive.

Bryant first argues that the waiver provision in his proffer agreement was not triggered when a defense witness testified that the bags of drugs found in Bryant's apartment (and, specifically, in his bedroom) were her drugs and that, even if the waiver provision was triggered, Bryant's statements made during the proffer session were not admissible to rebut the witness's testimony. We review *de novo* whether a waiver provision in a defendant's proffer agreement is triggered, *United States v. Barrow*, 400 F.3d 109, 117 (2d Cir. 2005), and we review "for abuse of discretion the district court's evidentiary rulings admitting particular parts of [a defendant's] proffer statements," reversing only if the admission is an error affecting a "substantial right," *id.* (citing Fed. R. Evid. 103(a)). As an initial matter, the waiver provision in this case is nearly identical to the waiver provision in *Barrow*, in which we determined that the proffer agreement

2

used "unambiguous language to identify (1) the conduct that can trigger waiver: the offer of 'any evidence . . . or factual assertions made, by or on behalf of [the defendant]'; [and] (2) the purpose for which the waiver permits use of proffer statements: 'to rebut.'" *Id.* at 117-18.

Addressing whether the waiver provision in Bryant's proffer agreement was triggered, the defense witness's testimony on direct examination regarding her ownership of the bags of drugs was without question offered or elicited on Bryant's behalf. Eliciting the testimony triggered the waiver provision. *See id.* at 118, 120. Turning to the second part of the inquiry and given our broad definition of rebuttal evidence as "encompass[ing] any evidence that the trial judge concludes fairly counters and casts doubt on the truthfulness of factual assertions advanced, whether directly or implicitly, by an adversary," we cannot say that the district court exceeded the bounds of its discretion in admitting the totality of Bryant's proffer statements that he now challenges. *Id.* at 121; *see also United States v. Casamento*, 887 F.2d 1141, 1172 (2d Cir. 1989) (sanctioning expansive use of rebuttal evidence). The statements Bryant made during the proffer session that "he was selling . . . narcotics from his residence" and that "he was using the shotgun . . . for protection in his narcotics selling activities," J.A. at 154, "fairly counter[] and cast[] doubt on" the witness's testimony that the drugs found in Bryant's apartment were hers, *Barrow*, 400 F.3d at 121. "'[W]e are disinclined to overturn a district judge, who has determined—after watching a case unfold—that testimony properly rebuts an inference that a party's adversary has sought to make,'" because "rebuttal is necessarily a flexible concept and because trial judges are uniquely situated to assess the impact certain evidence or arguments have made on a jury." *Id.* at 120 (quoting *United States v. Tejada*, 956 F.2d 1256, 1267 (2d Cir. 1992)). Bryant's statements at his proffer session were properly admitted to rebut this witness's testimony.

3

Bryant next contends that the government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), when it withheld the grand jury testimony of a special agent with the Bureau of Alcohol, Tobacco, and Firearms whose testimony at the grand jury proceeding about the weights of the individual bags of drugs contradicted to some extent the government witness's trial testimony about those bag weights. "The government's duty under *Brady* is fairly settled," *United States v. Gil*, 297 F.3d 93, 101 (2d Cir. 2002), and, to establish a *Brady* violation, "a defendant must show that: (1) the Government, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice," *United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001). While the first two elements are easily resolved in Bryant's favor, he must also show that prejudice ensued from the suppression of this evidence. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Thus Bryant is required to establish that the suppressed evidence was material, *i.e.*, there was "a reasonable probability of a different result," *United States v. Jackson*, 345 F.3d 59, 73 (2d Cir. 2003) (internal quotation marks omitted), had the suppressed evidence been made available.

Bryant argues that the undisclosed evidence was valuable to impeach the government's main witness, who testified that the weight of the bags was consistent with distribution, because that testimony would have bolstered the defense's theory of the case—that the bags of drugs were for individual use and not for distribution—and corroborates the testimony of the defendant's witness—that the drugs were for that witness's own personal use. "[U]ndisclosed impeachment evidence is not material in the *Brady* sense when, although 'possibly useful to the defense,' it is 'not likely to have changed the verdict.'" *United States v. Persico*, 645 F.3d 85, 111 (2d Cir. 2011) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)). The undisclosed

evidence from the agent that the "quantity of crack cocaine" seized was "seven dime bags" could have been useful to impeach the government witness's testimony that the evidence was consistent with distribution. This evidence, however, would not have changed the verdict given the admission of the physical evidence seized in Bryant's bedroom at the house where his mail was found and where his mother and sister testified they visited him, and given the admission of Bryant's post-arrest statement in which he admitted that he lived at 102 Cottage Street, that his roommate was "selling cocaine out of [Bryant's] house," and that he (Bryant) sold the cocaine when his roommate was "not home and someone want[ed] some cocaine." Because the agent's testimony was not likely to have changed the verdict, *i.e.*, was not material, no prejudice resulted from its not being disclosed. We therefore reject Bryant's *Brady* challenge.

Bryant's last contention is that the district court erred in denying his motion for a new trial. Bryant filed this motion after learning that the forensic scientist responsible for testing the drugs seized from his house had been investigated for misconduct in other cases and was ultimately fired from her position with the Monroe County Public Safety Laboratory. He argued to the district court, as he does on appeal, that the fact of the firing would have been valuable impeachment evidence at trial, as would evidence that the bags weighed less than initially reported after being retested by a different forensic scientist. We review a district court's denial of a Rule 33 motion for abuse of discretion and will reverse a district court's findings of fact only if those findings were clearly erroneous. *United States v. Diaz*, 176 F.3d 52, 106 (2d Cir. 1999). The test for when a new trial is warranted based on newly-discovered evidence is "nearly uniform" across the Circuits, requiring "that: (1) the evidence be newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or

impeaching; and (5) the evidence would likely result in an acquittal." *United States v. Owen*, 500 F.3d 83, 87-88 (2d Cir. 2007).

In this case, Bryant cannot establish that the evidence of the chemist's misconduct in unrelated cases or the bag's re-tested weights, if introduced at his trial, "would likely result in [his] acquittal." *Id.* at 88. As noted above, the government introduced at trial (1) the physical evidence (of the drugs, scales, shotgun, and ammunition) found in Bryant's bedroom and (2) his post-arrest statement that he lived at 102 Cottage Street, that his roommate was "selling cocaine out of my house," and that he sold that cocaine when his roommate was "not home and someone want[ed] some cocaine." Considering the evidence and the stated reasons for denying the motion for a new trial, there is no indication that the district court's decision "rest[ed] on an error of law . . . or a clearly erroneous factual finding." *Id.* at 87 (internal quotation marks omitted). There is no question it can "be located within the range of permissible decisions." *Id.* We conclude, therefore, that the district court did not exceed the bounds of its discretion in denying Bryant's motion for a new trial.

We have considered all of Bryant's remaining arguments and find them to be without merit. For the reasons stated above and in the accompanying per curiam opinion, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk